UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>                              Plaintiff,<br><br>        v.<br><br>WILLIAM D. GORE, Sheriff, et al.,<br><br>                              Defendants. | Civil No.   10cv464-GPC (DHB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[ECF No. 176]** |

Plaintiff Hoang Minh Tran, a former state prisoner, is proceeding *pro se* on a civil rights action filed under 28 U.S.C. § 1983.  (ECF No. 1.)  On November 16, 2012, Plaintiff filed a motion entitled "Motion for Entitlement of Americans Disability Act [ADA] Reasonable Accommodation Under Rehabilitation Act Title II Required Appointment of Counsel."  (ECF No. 176.)  The Court construes this request as a Motion for Appointment of Counsel.  This is Plaintiff's seventh request for appointment of counsel.  Plaintiff seeks appointment of counsel under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act because of his "numerous mental and physical disabilit[ies]."  For the reasons set forth below, the Court hereby **DENIES** Plaintiff's motion without prejudice.

Plaintiff argues he is entitled to appointment of counsel as a reasonable accommodation under the ADA and Rehabilitation Act.  However, Plaintiff has not shown that the reasonable accommodation he seeks (appointment of counsel) is available under the ADA and/or the Rehabilitation Act.  In fact, Plaintiff does not cite any relevant authority, nor has the Court found any authority, to suggest that appointment of counsel in a civil lawsuit brought under 28 U.S.C. §

1983 provides reasonable accommodation to a disabled *pro se* litigant.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In the absence of counsel, however, the procedures employed by the federal courts are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). Where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

In this case, Plaintiff has failed to demonstrate extraordinary circumstances. Plaintiff has not shown that he is entitled to appointment of counsel under the ADA or Rehabilitation Act, nor has he shown how his alleged medical conditions prevent him from sufficiently prosecuting his lawsuit. Rather, Plaintiff's numerous filings demonstrate he has a good grasp of his case and the legal issues involved. In addition, the Court does not find the issues in this case so complex to warrant appointment of counsel at this time.

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Appointment of Counsel

1 | without prejudice.  (ECF No. 176.)

2 | **IT IS SO ORDERED.**

3 | DATED:  November 21, 2012

DAVID H. BARTICK
United States Magistrate Judge