UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, et al.,<br><br>    Defendants. | Civil No. 10cv464-GPC (DHB)<br><br>**ORDER DENYING:**<br>**(1) PLAINTIFF'S MOTION FOR A COMPETENCY HEARING; AND**<br>**(2) *EX PARTE* MOTION TO APPOINT NEXT FRIEND OR COUNSEL**<br><br>**[ECF Nos. 178 and 183]** |

  Currently before the Court is Plaintiff's Motion for a Competency Hearing (ECF No. 178) and *Ex Parte* Motion to Appoint Next Friend or Appoint Counsel Due to Incompetence. (ECF No. 183.) Defendants have opposed both motions. (ECF Nos. 187, 206, 208.) The Court has considered the parties submissions and the supporting documentation, and for the reasons set forth below, **DENIES** Plaintiff's motions.

## I. BACKGROUND

  Plaintiff, a former state prisoner, is proceeding *pro se* in a civil rights action filed under 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights on three separate occasions while he was in pretrial custody. Plaintiff initiated this lawsuit on March 2, 2010. (ECF No. 1.) Since the inception of this case,

1  Plaintiff has actively litigated his case without the assistance of counsel.[1] He has drafted
2  and submitted pleadings, motions, and oppositions, including a first and second amended
3  complaint (ECF Nos. 34, 79.), an opposition to Defendants' motion to dismiss (ECF No.
4  21), discovery motions (ECF Nos. 39, 60, 77, 107, 150, 158), several requests for
5  extensions of time (ECF Nos. 18, 99, 105, 111, 192), and various miscellaneous motions
6  (ECF Nos. 72, 102, 109, 140).  Plaintiff has also propounded discovery, responded to
7  Defendants' discovery requests and has provided deposition testimony.  Further, Plaintiff
8  has participated in case management conferences, discovery conferences, and status
9  conferences.  (*See* ECF Nos. 51, 66, 70, 92.)  In the last year, Plaintiff personally
10 appeared before this Court on two occasions.  (ECF Nos. 116 (discovery conference on
11 4/10/12), 133 (mandatory settlement conference on 5/30/12).)  At both conferences,
12 Plaintiff was articulate, coherent, and appeared to understand the nature of the
13 proceedings. During this case, Plaintiff has also filed numerous requests for appointment
14 of counsel. (ECF Nos. 12, 29, 55, 148, 165, 170, 173, 176.)  The Court has denied each
15 request, finding Plaintiff failed to demonstrate extraordinary circumstances warranting
16 appointment of counsel.  (ECF Nos. 23, 30, 61, 151, 167, 171, 174, 179.)

17         In addition to this lawsuit, Plaintiff is litigating two other civil rights actions in this
18 district.[2]  In *Tran v. Gore, et al.*, Case No. 10cv2457-BTM (WVG), Plaintiff alleges that
19 while he was hospitalized for a hernia operation, excessive force was used on him and he
20 was deprived of food. In *Tran v. Gore, et al.*, Case No. 10cv2682-BTM (BLM), Plaintiff
21 alleges that jail medical staff did not provide him with the medication Docusate Sodium
22 (or Colace) for two months and he was not given hygiene products.  In both cases,
23 Plaintiff has filed numerous pleadings and has attended court hearings.  Plaintiff also
24 filed the same Motion for Competency Hearing and *Ex Parte* Motion to Appoint Next
25 Friend in those cases, as he has filed in this case.  (*See* ECF Nos. 38, 49 in 10cv2457-
26 BTM (WVG); ECF No. 38, 51 in 10cv2682-BTM (BLM).) On February 25, 2013, Judge

27

28      [1] Plaintiff had pro bono counsel for approximately two months.  Unfortunately, due to a conflict of interest, his counsel withdrew.  (*See* ECF Nos. 123, 138.)

        [2] In 2010, Plaintiff filed ten lawsuits in this district.  Seven have been dismissed, and Plaintiff is now actively litigating the remaining three, including this case.

Gallo denied Plaintiff's Motion for Competency Hearing and to Motion to Appoint Next Friend. (ECF No. 55 in 10cv2457-BTM (WVG).) On March 8, 2013, Judge Major denied Plaintiff's motions. (ECF No. 56 in 10cv2682-BTM (BLM).)

On November 19, 2012, Plaintiff filed a Motion for Competency Hearing. (ECF No. 178.) On January 15, 2013, Allan Tracy Gilmore, filed an *Ex Parte* Motion to Appoint Next Friend or Appoint Counsel Due to Incompetence on behalf of Plaintiff.[3] (ECF No. 183.)

On January 17, 2013, the Court ordered Plaintiff to submit "all of his medical records from January 1, 2012 to the present, that support his allegations that he is incompetent." (ECF No. 185.) After requesting an extension of time, Plaintiff filed his supporting documents. (ECF Nos. 193, 196, 199, 200, 214.) The County Defendants filed an opposition to Plaintiff's motions on January 25, 2013 (ECF No. 187), and a supplemental opposition on February 22, 2013. (ECF No. 208.) Defendant John Gill filed an opposition on February 21, 2013. (ECF No. 206.) On March 5, 2013, the County Defendants filed a Request for Judicial Notice regarding Judge Gallo's February 25, 2013 Order denying Plaintiff's Motion for Competency Hearing. (ECF No. 215.)

## II. DISCUSSION

### A. Motion for Competency Hearing

Plaintiff requests that the Court hold a competency hearing pursuant to Federal Rule of Civil Procedure 17(c). (ECF No. 178.) Plaintiff argues a competency hearing is appropriate because he suffers from schizophrenia, post-traumatic stress disorder, severe depression, and chronic anxiety for which he takes psychotropic and pain medications. (*Id.*) Plaintiff states these conditions make it difficult for him to comprehend and comply with the Court's pretrial orders. (*Id.*) Plaintiff further states his medications cause drowsiness, light headache, and lack of concentration. (*Id.*) Plaintiff has also submitted copies of his medical records which he believes support his claim of incompetency. (ECF Nos. 196, 199, 200, 214.)

---

[3]Although Mr. Gilmore is not an attorney or a party to this case, the Court accepted the filing on discrepancy, due to Plaintiff's pending Motion for Competency Hearing. (ECF No. 182.) As discussed *infra*, Mr. Gilmore will not be appointed Plaintiff's next friend. Therefore, Plaintiff is advised that any future filings made by Mr. Gilmore will not be accepted. *See e.g.* CivLR 83.11.

Defendants argue Plaintiff's motion should be denied because Plaintiff understands the nature and consequences of his lawsuits against Defendants and has repeatedly demonstrated his ability to represent himself. (ECF Nos. 187 at 3; 206 at 2.) Defendants state that Plaintiff has acted to advance his case, and that his behavior shows that he understands the nature and extent of the proceedings, and that "when convenient he can represent himself." (*Id.*) For example, Defendants argue Plaintiff's recent attempt "to get appointed counsel through the ADA reflects his understanding of how he can try to use the system to advocate his interests." (ECF No. 187 at 6.) Defendants further argue the mental health records Plaintiff submitted do not provide reasonable cause to believe that Plaintiff is incompetent. (ECF Nos. 187 at 7-8; 206 at 5-7.) Defendants also submitted a copy of a transcript from an Order to Show Cause Hearing held before Judge Major on November 27, 2012 in Case No. 10cv2682-BTM (BLM). (ECF No. 187-1.) During the hearing, Plaintiff was required to explain why sanctions should not be imposed for his failure to appear at a Settlement Conference and his failure to respond to Defendant's discovery requests. (*Id.*) Judge Major noted that because Plaintiff was able to submit "constant orders or motions," he is capable of writing responses to Defendant's discovery requests. (*Id.* at .) Judge Major further stated Plaintiff had done a "good job" of representing himself. (*Id.*)

### 1. **Legal Standard**

Rule 17(c) provides that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. Pro. 17(c)(2). The Ninth Circuit has held that under Rule 17(c), a district court must hold a competency hearing "when substantial evidence of incompetence is presented." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). *See also Krain v. Smallwood*, 880 F.2d 1119, 1121(9th Cir. 1989) ("The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed if

needed."). In *Allen*, the Ninth Circuit did not specify what constituted "substantial evidence" of incompetence warranting a competency hearing, but it did provide some guidance. The Court indicated that sworn declarations by the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and medical records may be considered. *Allen*, 408 F.3d at 1152-54.

In *Allen*, the petitioner submitted his own sworn declaration and a declaration from another inmate, which stated he was mentally impaired and did not understand the court's orders. *Id.* at 1151. The petitioner also submitted a letter from his prison psychiatrist that stated he was diagnosed with Chronic Undifferentiated Schizophrenia and was prescribed to psychotropic medications. *Id.* at 1151-52. In a second sworn declaration, the petitioner stated he suffered from a "'debilitating mental illness that requires a course of treatment that includes the use of various psychotropic medications'" and that the medications combined with his mental illness "severely [hinder] his ability to comprehend or correctly respond to the determinations and Orders made by the Court." *Id.* at 1152. The Ninth Circuit concluded that the petitioner's submissions were sufficient to require the district court to conduct a competency hearing. *Id.* at 1153.

Subsequent to *Allen*, lower courts have indicated that showing a history of mental illness, by itself, is not enough to constitute substantial evidence of incompetence. For example, in *Shack v. Knipp*, 2012 WL 4111652 (S.D. Cal. Sept. 17, 2012), the Court denied a habeas petitioner's request for a competency hearing. The Court noted that Petitioner failed to submit his own sworn declaration that he was mentally incompetent, and failed to provide a letter from treating psychiatrist. *Id.* at *5. The Court discounted a declaration from a fellow inmate because the inmate did not have the training to determine whether the petitioner could understand and respond to court orders. *Id.* Most importantly, the court stated the petitioner's medical records revealed that "despite being diagnosed with schizoaffective disorder, depressed type, Petitioner is mentally stable, aware of the pending proceedings and communicates effectively." *Id.*

Similarly, in *McElroy v. Cox*, 2009 WL 4895360 (E.D. Cal. Dec. 11, 2009), the

1  Court determined a §1983 plaintiff was not entitled to a competency hearing because
2  there was no nexus between the plaintiff's mental disorder and his ability to articulate his
3  claims. *Id.* at *3. The Court found the plaintiff's medical records indicated he functioned
4  well when properly medicated. *Id.* The Court also stated the plaintiff's claimed
5  incompetence was undercut by his pleadings. The Court noted he had successfully
6  opposed Defendants' motion to dismiss and filed two motions for appointment of counsel
7  with clarity and proper arguments. *See also Thompson v. Virga*, 2012 WL 1154473
8  (S.D. Cal. April 4, 2012) (finding habeas petitioner failed to present substantial evidence
9  of incompetence, and noting that despite being diagnosed with schizophrenia, Petitioner
10 had effectively litigated the case without counsel); *Lavery v. Singh*, 2011 WL 5975934
11 (S.D. Cal. Nov. 29, 2011) (finding no substantial evidence of incompetence where habeas
12 petitioner's declaration that he was incompetent was refuted by his current medical
13 records).

**2. Analysis**

15 Here, the Court finds Plaintiff has failed to submit substantial evidence of
16 incompetence to justify a competency hearing. Like the prisoner in *Allen*, Plaintiff has
17 submitted a declaration form a former fellow inmate, Allen Tracy Gilmore.[4] (*See* ECF
18 No. 183 at 9-10.) Mr. Gilmore states that he is "a witness to in affirmation Plaintiff
19 Hoang Minh Tran's mental incompetence, and physical disability and further Plaintiff's
20 severe lack of ability to prosecute his case in a court of law." (*Id.* at 9, ¶4.) However, the
21 Court finds it difficult to evaluate Mr. Gilmore's opinion. Mr. Gilmore provides no facts
22 or observations to support his assertion, and it appears Mr. Gilmore does not have the
23 training or qualifications to make a determination about Plaintiff's mental competence.
24 Therefore, without more, Mr. Gilmore's declaration provides little substantial evidence.
25 Plaintiff has also submitted several hundred pages of his medical records. Included

---

[4] Although Mr. Gilmore's sworn declaration was submitted only with the *Ex Parte* Motion to Appoint Next Friend or Appoint Counsel Due to Incompetence, the Court will also consider his declaration with Plaintiff's Motion for Competency Hearing.

with his medical records is a letter from Dr. Li Liang, a psychiatrist at Exodus Recovery. (ECF No. 199-10 at 11.) The letter states that Plaintiff has been a client at Exodus Recovery and has been followed by a psychiatrist. However, unlike the letter from the treating psychiatrist *Allen*, Dr. Liang's letter does not address Plaintiff's medical or psychiatric issues, and does not discuss his diagnosis, medications, or treatment program.

Plaintiff's medical records indicate that he has a history of mental illness, including depression, schizophrenia, post traumatic stress disorder, anxiety, and a suicide attempt. The records also show that he has been treated with various medications and therapy. However, none of the records indicate that Plaintiff is incompetent. To the contrary, the records show that with his current medication, Plaintiff reports feeling "relatively stable." (ECF No. 199-1 at 22.) The records also show Plaintiff has been diligent with his medical care. He has attended appointments, taken his medications as prescribed, and advocated for himself when he felt that a medication was not working or there was a problem with his treatment. (*See e.g.* ECF No. 199-1 at 4, 14-15, 19.) Further, Plaintiff's doctors have found him to be of average intellect and to have age appropriate and normal memory, insight, and judgment. On January 30, 2012, a mental status exam note indicated that Plaintiff was cooperative, alert, and had coherent thought process. (*Id.* at 28.) On February 2, 2012, an individual progress note indicated that Plaintiff's "English is a little broken but can advocate for self very well." (*Id.* at 17.) In January 2013, Plaintiff's records continue to indicate that he was cooperative, articulate, and had coherent thought processes. (ECF No. 200.) On January 24, 2013, Plaintiff's doctor noted that Plaintiff was "anxious re legal proceedings" but was nonetheless alert and oriented. (*Id.*) The Court concludes that Plaintiff's medical records do not provide substantial evidence that Plaintiff is currently mentally incompetent.

In addition to providing insight into Plaintiff's mental illness, Plaintiff's medical records show he has a variety of physical health problems. According to the records, Plaintiff has a history of hernias, epileptic seizures, joint pain, hearing loss, insomnia, and

hemorrhoids. (ECF No. 199-1.) The records do not, however, state or imply that any of these physical conditions have left Plaintiff incompetent or unable to care for himself or proceed with this case.

This Court has also had the opportunity to personally observe and interact with Plaintiff on two occasions. On April 10, 2012, Plaintiff attended a Discovery Conference and on May 30, 2012, Plaintiff appeared for a Mandatory Settlement Conference. At both conferences, the Court did not observe any behavior or statements that indicated Plaintiff is incompetent. Plaintiff displayed some physical limitations, and it was apparent English was not his first language. However, Plaintiff was cooperative, able to articulate his position, engage in appropriate dialogue with the Court, and appeared to clearly understand the proceedings.

Further, the Court takes judicial notice of the transcript of the Order to Show Cause Hearing before Judge Major on November 27, 2012, Judge Gallo's February 25, 2013 Order denying Plaintiff's request for a competency hearing, and Judge Major's March 8, 2013 Order denying Plaintiff's request for a competency hearing. This Court notes that both Judge Major and Judge Gallo personally observed Plaintiff, and similarly found that he was articulate, able to represent himself, and that there was no indication that Plaintiff was incompetent.

In sum, the Court finds that Plaintiff has not presented substantial evidence of incompetence to require a competency hearing. Accordingly, Plaintiff's Motion for a Competency Hearing is **DENIED**.

**B.   Motion to Appoint Next Friend or Counsel**

Mr. Gilmore requests the Court to appoint a next friend for Plaintiff, or in the alternative, appoint counsel for Plaintiff. (ECF No. 183.) Mr. Gilmore states that he has been assisting Plaintiff with this case, and opines that Plaintiff is unable to prosecute this action on his own due to "mental incompetence, physical disability and overall extremely hardship." (*Id.* at 2.) Therefore, Mr. Gilmore asks the Court to appoint a next friend, since Plaintiff does not have a duly appointed representative.

Defendants argue the motion should be denied because Mr. Gilmore lacks standing to make any argument for Plaintiff since he is not plaintiff's attorney, and further that Mr. Gilmore lacks the foundational basis to opine that Plaintiff is incompetent. Defendants also argue Mr. Gilmore would be ill suited to be appointed as Plaintiff's next friend because he is incarcerated.

### 1.     Legal Standard

In *Whitmore v. Arkansas*, the Supreme Court stated that "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To establish next friend standing, a putative next friend must show "(1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Lawyers and Professors v. Bush*, 310 F.3d 1153, 1159-60 (9th Cir. 2002). The burden is on the putative next friend to clearly establish the propriety of his or her status. *Whitmore*, 495 U.S. at 164.

### 2.     Analysis

Here, the Court finds Mr. Gilmore has not met the burden to establish the propriety of his status as next friend. First, Mr. Gilmore has not shown that Plaintiff is unable to litigate his own case. Mr. Gilmore asserts that Plaintiff is mentally incompetent and lacks the ability to litigate this action. However, Mr. Gilmore does not present any evidence to support his allegation, or demonstrate that he is qualified to made a determination as to Plaintiff's competency.

Second, Mr. Gilmore, has not shown that he is truly dedicated to the best interests of Plaintiff. Mr. Gilmore states that he has his own criminal case to attend to, is incarcerated, and is unable to make appearances on behalf of Plaintiff. Mr. Gilmore also states that he "has done all the he is able to do" to help Plaintiff. (ECF No. 183 at 2.) Therefore, the Court is not persuaded that Mr. Gilmore could truly be dedicated to Plaintiff's best interest. Moreover, Mr. Gilmore has not indicated that he has any

relationship with Plaintiff apart from assisting with his legal affairs. Mr. Gilmore states only that he is "a witness . . . to Plaintiff Hoang Minh Tran's mental incompetence, and physical disability." (ECF No. 183 at 9.) In *Whitmore*, the Supreme Court noted that "[h]owever friendly" and "sympathetic," the putative next friend may be, and "however laudable such sentiments are," a putative next friend without a significant relationship does not have standing. *Whitmore*, 495 U.S. at 166. Because Mr. Gilmore has failed to demonstrate either prong of the test for next friend status, his *Ex Parte* Motion is **DENIED**.

**IT IS SO ORDERED.**

DATED: April 15, 2013

DAVID H. BARTICK
United States Magistrate Judge