1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10

11  HOANG MINH TRAN,                    Civil No.    10cv464-GPC (DHB)
12                      Plaintiff,
                                        **REPORT AND
13                                      RECOMMENDATION:
            v.                          DENYING DEFENDANT
14                                      ROBERT CALLAHAN'S
                                        MOTION FOR SUMMARY
15  WILLIAM D. GORE, et al.,            JUDGMENT**
16                      Defendants.     **[ECF No. 145]**
17

18        Currently before the Court is Defendant Robert Callahan's Motion for Summary

19  Judgment.  (ECF No. 145.)  Plaintiff has opposed the motion (ECF No. 160), and

20  Defendant has filed a reply.  (ECF No. 162.)  The Court has considered the parties

21  submissions and the supporting documentation, and for the reasons set forth below,

22  hereby **RECOMMENDS** that Defendant Robert Callahan's Motion for Summary

23  Judgment be **DENIED**.

24                    **I.  PROCEDURAL BACKGROUND**

25        Plaintiff, a former state prisoner, is proceeding *pro se* in a civil rights action filed

26  under 42 U.S.C. § 1983.  Plaintiff alleges Defendants violated his Eighth and Fourteenth

27  Amendment rights on three separate occasions while he was in pretrial custody.

28        The first incident occurred in January 2009.  Prior to that time, Plaintiff states he

had requested Dilantin for a seizure disorder, but his requests were ignored.  Plaintiff thereafter suffered a seizure on January 4, 2009, which resulted in emergency medical treatment.

The second incident – and the only incident at issue in the instant motion – occurred in February 2009.  Plaintiff asserts that on February 2, 2009, he was traveling to the courthouse in a prison bus, when the bus broke down.  Another bus arrived on the scene, and the inmates were transferred to the second bus.  Plaintiff alleges he was the last inmate on the disabled bus, and before he was transferred to the second bus, Defendant Callahan physically attacked him.  Plaintiff claims the attack caused him to suffer a ruptured hernia.  Plaintiff received hospital treatment and underwent hernia surgery later that same day.  (*See* ECF No. 118-5 at 38-40.)

The third incident occurred in March 2009.  Plaintiff alleges that on March 2, 2009, he was assaulted by three deputies in his prison cell.

Plaintiff initiated this lawsuit on March 2, 2010.  (ECF No. 1.)  On May 5, 2011, Plaintiff filed a First Amended Complaint ("FAC").  (ECF No. 34.)  In the FAC, Plaintiff named several defendants, including Doe Hanson.  Plaintiff alleged that Defendant Doe Hanson was the transportation deputy who attacked him on February 2, 2009.  On July 29, 2011, Plaintiff filed a Motion to Notify "Sky Alert" for Defendant Doe Hanson.  (ECF No. 60.)  Plaintiff requested an investigation into the true name of Defendant Doe Hanson.  The Court construed Plaintiff's motion as a motion for discovery and scheduled a Discovery Conference for September 19, 2011.  (ECF No. 63.)  At the Discovery Conference, Plaintiff provided a detailed description of Defendant Doe Hanson, including the purported identification of a tattoo on the Defendant.  Therefore, Defendants' counsel agreed to perform a due diligence search to identify a person matching Plaintiff's description.  (ECF No. 67.)

On September 28, 2011, Defendants filed a Notice of Due Diligence Compliance, stating that  Robert Callahan, an employee of the transportation division of the Sheriff's Department, fit Plaintiff's description of Doe Hanson.  (ECF No. 69.)  On May 25, 2012,

1   Plaintiff was permitted to filed a Second Amended Complaint ("SAC") that substituted
2   Robert Callahan for Defendant Doe Hanson.  (*See* ECF No. 131.)  The SAC is verified
3   under penalty of perjury.  (ECF No. 79 at 12.)

4       On August 15, 2012, the Honorable Dana M. Sabraw granted in part, and denied
5   in part the County Defendants' Motion for Summary Judgment.  (ECF No. 154.)
6   Because Defendant Callahan was not a party to that motion, the Order did not address his
7   liability.  (*Id.* at 1, n.1.)

8       On July 20, 2012, Defendant Callahan filed the instant Motion for Summary
9   Judgment. (ECF No. 145.)  On August 31, 2012, Plaintiff filed a Response.[1]  (ECF No.
10  160.)  Defendant Callahan filed a Reply on September 7, 2012.  (ECF No. 162.)

11  ## II. FACTUAL ALLEGATIONS

12      In early 2009, Plaintiff was a pretrial detainee at the George F. Bailey Detention
13  Facility.  (ECF Nos. 79 at 1; 34-1 at 1.[2])  Plaintiff alleges that on February 2, 2009,
14  Defendant Callahan "violently attacked" him on a prison bus when Plaintiff was en route
15  to the San Diego County Courthouse. (ECF No. 79 at 2.)  Defendant Callahan states that
16  he did not use any force on Plaintiff at any time.  (ECF No. 145-2 at ¶4.)

17      On the morning of February 2, 2009, Plaintiff was being transported to court when
18  the bus he was riding in broke down.  (ECF No. 34-1 at 9-10.)  A replacement bus was
19  brought to the scene, and the inmates were transferred to the new bus.  (*Id.* at 10.)
20  Plaintiff states he was the last inmate on the disabled bus.  (*Id.*)  He alleges that before
21  he was transferred to the new bus, Defendant Callahan grabbed him and repeatedly
22  slammed his body against a metal cage door.  (*Id.*; ECF No. 79 at 4.)  Plaintiff claims
23  Defendant Callahan also used his knee to strike Plaintiff in the abdomen.  (*Id.*)  Plaintiff

24

-----

25      [1]The Court notes that in his Response, Plaintiff argues summary judgment is
26  premature because he has been denied discovery.  The Court finds Plaintiff's argument
    in this regard is without merit, and does not provide a basis for opposing summary
27  judgment. Plaintiff had ample time and opportunity to conduct discovery, and did in fact
    engag in discovery. Defendants have fully responded, and the time for discovery has now
28  concluded.  *See* ECF No. 131 at 2, ¶ 3 (discovery cutoff was August 10, 2012.)

    [2]In the SAC, Plaintiff re-alleges and incorporates by reference, the allegations from
his FAC.  (ECF No. 79 at 4.)

10cv464-GPC (DHB)

states that the attack was unprovoked and that he was handcuffed and cross-shackled during the assault. (*Id.*)  Defendant Callahan states that he was not driving the disabled bus on February 2, 2009, but was the security Deputy on the replacement bus. (ECF No. 145-2 at ¶ 3.)  He further states that no force was used on Plaintiff during the transport. (*Id.*)

Plaintiff contends the attack caused his hernia to rupture, and that he suffered excruciating pain. (ECF Nos. 34-1 at 10; 79 at 4-5.)  Later that same day, Plaintiff received emergency medical treatment and underwent hernia surgery. (ECF Nos. 34-1 at 12-13; 79 at 4-5, 24-26.)  Defendant Callahan, however, counters that there is a complete absence of any physical injury to corroborate the use of force that Plaintiff alleges. (ECF No. 145 at 4.)  Defendant Callahan points out that Plaintiff's medical records from his hospital admission on February 2, 2009 do not contain any reference to any force event, or the presence of any injuries, bruises, scratches, etc. (*Id.*; ECF No. 118-5.)  Defendant Callahan also points out that Plaintiff's medical records indicate his hernia condition was pre-existing on February 2, 2009. (ECF No. 118-5 at 31-43.)

## III.  DISCUSSION

### A.    Legal Standard for Motion for Summary Judgment

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to solve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.  The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the

nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The burden then shifts to the non-moving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. To successfully rebut a properly supported motion for summary judgment, the non-moving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the [non-moving party's] favor, could convince a reasonable jury to find for the [nonmoving party]." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 323; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). *See also Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) (noting that the non-moving party may defeat summary judgment if she makes a showing sufficient to establish a question of material fact requiring a trial to resolve). "To defeat a summary judgment motion ..., the non-moving party 'may not rest upon the mere allegations or denials' in the pleadings." Fed. R. Civ. P. 56(e). Instead, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. A verified complaint or motion may be used as an opposing affidavit under Rule 56 to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence. *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998). To "verify" a complaint, the plaintiff must swear or affirm that the facts in the complaint are true "under the pains and penalties of purjury." *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995).

"The district court may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the Court is not obligated "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co. of Am.*, 55 F.3d 247, 251 (7th Cir. 1995)).  If the moving party fails to discharge this initial burden, summary judgment must be denied and the Court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

**B.    Excessive Force**

Plaintiff claims Defendant Callahan used excessive force against him on February 2, 2009.  Because Plaintiff was a pretrial detainee, his claim arises under the Due Process Clause of the Fourteenth Amendment.  *See Graham v. Conner*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002) ("The Due Process clause protects pretrial detainees from the use of excessive force that amounts to punishment.") However, courts look to Eighth Amendment principles when reviewing excessive force claims of pretrial detainees.  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, [] we apply the same standards."); *Gary H. v. Heggstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987) (noting the Due Process clause "implicitly incorporates the cruel and unusual punishments clause standards"). Accordingly, the factors a court should consider in resolving a due process claim alleging excessive force are: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; and (4) whether the force was applied in a good faith effort to maintain or restore discipline or to maliciously and sadistically cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *White v. Roper*,

901 F.2d 1501, 1507 (9th Cir. 1990).

Here, the Court finds that genuine issues of material fact exist as to whether excessive force was used on Plaintiff on February 2, 2009.  Plaintiff's account of the incident differs materially from Defendant Callahan's  account, in that Plaintiff claims he was attacked by Defendant Callahan, and Defendant Callahan states that he did not use force on Plaintiff at any time.  Nevertheless, Defendant Callahan argues there is no genuine issue for trial.  Defendant Callahan points to two main facts that he argues makes Plaintiff's claims so implausible that no reasonable jury could find for Plaintiff.  First, Defendant Callahan asserts that he was not riding in or driving the disabled bus on February 2, 2009.  Second, Defendant Callahan argues Plaintiff did not report the attack to medical providers and his medical records do not show he had any external physical injuries, such as bruises or scratches, that would corroborate his versions of events.

The Court finds that this is not a case where Plaintiff's version of events is so blatantly contradicted by undisputed evidence that there is not a genuine issue of material fact.  Rather, the Court finds this is the usual case where each side tells a different story. *Compare Scott v. Harris*, 550 U.S. 372, 380-81 (2007) (holding Defendant was entitled to summary judgment where Plaintiff's account of the incident was so utterly discredited by an undisputed videotape of the incident that no reasonable jury could have believed him).

Defendant Callahan notes that Plaintiff testified at his deposition that Callahan was the driver of the disabled bus.  (*See* ECF No. 118-5 at 54.)  But in his sworn declaration, Defendant Callahan states he was acting as the security deputy on the replacement bus.  (ECF No. 145-2 at ¶ 3.)  Defendant Callahan states that Plaintiff made a "dramatic about-face" in his Response to the Motion for Summary Judgment and apparently concedes Defendant Callahan was not driving the disabled bus.  Therefore, Defendant Callahan argues no reasonable jury could find Plaintiff's accusation meritorious.  However, Plaintiff maintains that Defendant Callahan was present at the scene, and that he was the

deputy who actually transferred Plaintiff from the disabled bus to the replacement bus. (ECF No. 160 at 4.)  Defendant Callahan does not dispute that he was present at the scene.  His declaration is notably silent as to whether he ever left the replacement bus during the inmate transfer.  Therefore, Defendant Callahan has not shown undisputed evidence that he was not present on the disabled bus at anytime during the inmate transfer.

Defendant Callahan also points out that Plaintiff did not report the attack to anyone at the hospital.  Plaintiff counters that he kept silent out of fear of retaliation.  (ECF No. 160 at 9, ¶ 9.)  As to the lack external physical injuries, such as bruises or scratches, Plaintiff contends he didn't have visible injuries because of the manner in which he was attacked, and because his injuries were internal.  The Court finds it noteworthy that Plaintiff was, in fact, treated for a ruptured hernia on the same day as the alleged attack. Defendant Callahan also states that Plaintiff's medical records indicate Plaintiff's hernia condition was pre-existing. (*See* ECF No. 118-5 at 38.) Plaintiff acknowledges his hernia condition was preexisting, but states that when Defendant Callahan kneed him in the stomach, it exacerbated his condition, and caused the hernia to rupture.  (ECF No. 160 at 9, ¶ 5.)  In his sworn declaration, Plaintiff states that he did not experience any abdominal pain on February 2, 2009 until after the alleged attack on the bus.  (ECF No. 160 at 9, ¶ 7.)

It is clear that Plaintiff's account of the events on February 2, 2009 differs from Defendant Callahan's account, and that the inferences the parties draw from the evidence differ significantly.  It may very well be the case that a jury will find Defendant Callahan's version of events more credible.  However, determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions and are not appropriate for resolution by the court on a summary judgment motion. *Anderson*, 477 U.S. at 255. *See also T.W. Elec. Serv.*, 809 F.2d at 630-31 ("At [the summary judgment] stage of the litigation, the judge does not weigh disputed

evidence with respect to a disputed material fact.  Nor does the judge make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions.   These determinations are within the province of the factfinder at trial.").

Thus, based on the evidence in the record, the Court finds a reasonable jury could find Defendant Callahan used excessive force against Plaintiff on February 2, 2009. Therefore, summary judgment is inappropriate as to Plaintiff's excessive force claim against Defendant Callahan.   Based thereon, the Court hereby RECOMMENDS Defendant Callahan's Motion for Summary Judgment be **DENIED**.

## C.   Qualified Immunity

The doctrine of qualified immunity shields government officials from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).   Claims of qualified immunity require a two-step analysis.   As a threshold matter, courts must consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show the officers' conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *modified by Pearson v. Callahan*, 555 U.S. 223 (2009) (holding the order of *Saucier*'s two-step analysis should not be regarded as an inflexible requirement).   If the allegations do not establish the violation of a constitutional right, "there is no necessity for further inquiries concerning qualified immunity." *Id.*; *see also County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged a deprivation of a constitutional right at all.").   If the allegations could make out a constitutional violation, however, courts must then ask whether the right was clearly established– that is, whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615

(1999)).  "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.*  The "salient question" is whether the state of the law at the time gives officials "fair warning" that their conduct is unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 740 (2002).  If an officer makes a reasonable mistake as to what the law requires, the officer is entitled to immunity. *Saucier*, 533 U.S. at 205.

Defendant Callahan argues Plaintiff's excessive force claim should be dismissed because he is protected from suit by the doctrine of qualified immunity.  Here, as set forth above, the Court finds Plaintiff has come forward with sufficient evidence from which a jury could rule in his favor on his excessive force claim.  Therefore, Plaintiff has satisfied the first step of the *Saucier* analysis.  533 U.S. at 201.  Next, the Court finds that the law is clearly established that force used sadistically and maliciously for the purpose of causing harm to a pretrial detainee violates the Fourteenth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  If Plaintiff's version of the facts is believed, "it would be clear to a reasonable officer" that the use of force under the alleged circumstances violated Plaintiff's Constitutional rights.  Therefore, given the disputed factual record, the Court finds that Defendant Callahan is not entitled to qualified immunity on Plaintiff's excessive force claim.

Accordingly, the Court hereby RECOMMENDS Defendant Callahan's Motion for Summary Judgment on the basis of qualified immunity be **DENIED**.

### IV.  CONCLUSION AND RECOMMENDATION

After a thorough review of the record in this matter and based on the foregoing analysis, this Court **RECOMMENDS** Defendant Robert Callahan's Motion for Summary Judgment be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than July 12, 2013**, any party may file and serve written objections with the Court and serve a copy on all parties. The documents should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections. The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: June 28, 2013

DAVID H. BARTICK
United States Magistrate Judge