UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM D. GORE, et al.,<br><br>　　　　　　　Defendants. | Civil No.　　10cv464-GPC (DHB)<br><br>**REPORT AND RECOMMENDATION: GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF No. 180]** |

Currently before the Court is Defendants Omar Ortega and Sarandi Marina's Motion for Judgment on the Pleadings. (ECF No. 180.) Plaintiff has opposed the motion[1] (ECF No. 224), and Defendants have filed a reply. (ECF No. 225.) The Court has considered the parties submissions and the supporting documentation, and for the reasons set forth below, hereby **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings be **GRANTED**.

## I. PROCEDURAL BACKGROUND

Plaintiff, a former state prisoner, is proceeding *pro se* in a civil rights action filed under 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his Eighth and Fourteenth

---

[1] On June 19, 2013, Plaintiff filed a Motion to Supplement his Opposition, and provided the Court with an additional document to consider. (ECF No. 228.) The Court granted the request to supplement on June 28, 2013. (ECF No. 231.)

Amendment rights on three separate occasions while he was in pretrial custody.

The first incident occurred in January 2009. Prior to that time, Plaintiff states he had requested Dilantin for a seizure disorder, but his requests were ignored. Plaintiff thereafter suffered a seizure on January 4, 2009, which resulted in emergency medical treatment. The second incident occurred in February 2009. Plaintiff asserts that on February 2, 2009, he was assaulted by a transportation deputy while traveling to the courthouse in a prison bus. Plaintiff claims the attack caused him to suffer a ruptured hernia that required surgery. The third incident occurred in March 2009. Plaintiff alleges that on March 2, 2009, he was assaulted by three deputies in his prison cell.

Plaintiff initiated this lawsuit on March 2, 2010. (ECF No. 1.) In his original Complaint, Plaintiff alleged claims against Defendants William D. Gore, Alfredo Martinez, Jessie Holland, and Omar Ortega. (*Id.*) On May 5, 2011, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 34.) In the FAC, Plaintiff named additional individual as Defendants, including Derrick Jones, Dennis Flynn, Edwin Schroeder, Brian Conway, John Gill, Lizzie Womack, Sarandi Marina,[2] and several Doe Defendants. (ECF No. 34.) On May 25, 2012, Plaintiff was permitted to filed a Second Amended Complaint ("SAC") that substituted Robert Callahan for Defendant Doe Hanson. (*See* ECF No. 131.)

On August 15, 2012, the Honorable Dana M. Sabraw granted in part and denied in part the County Defendants' Motion for Summary Judgment. (ECF No. 154.) The Court ruled that no due process claim was stated by the Complaint against any Defendant. Therefore, William D. Gore, Brian Conway, Dennis Flynn, Derrick Jones, and Edwin Schroeder were eliminated as defendants in this action. (ECF No. 154 at 2, n.3.) The Court granted summary judgment in favor of Defendant Lizzie Womack. (*Id.* at 6.) However, the Court denied Defendants Jessie Holland, Fredo Martinez, and Jorge

---

[2] It appears Sarandi Marina is one of the Jane Doe nurses referred to in the FAC as "Jane Doe(s)1-3." *See* ECF No. 48 (Summons to Jane Doe(3) 1-3 returned executed on June 13, 2011 naming Sarandi Marina as the defendant). However, Sarandi Marina has never been formally substituted for any Jane Doe Defendant.

Escobar's summary judgment motion as to Plaintiff's excessive force claim arising out of the March 2, 2009 incident. (*Id.* at 7.) With regard to Defendants Omar Ortega and Sarandi Marina, the Court stated "Ortega and Marina's involvement in this case is unclear." (*Id.* at 3.)

On December 21, 2012, Defendants Omar Ortega and Sarandi Marina filed the instant Motion for Judgment on the Pleadings. (ECF No. 180.) Defendants indicate they brought this motion because it was unclear following Judge Sabraw's August 15, 2012 Order whether they were dismissed as defendants. On May 30, 2013, Plaintiff filed a Response[3] (ECF No. 224), and Defendants filed a Reply on June 7, 2013. (ECF No. 225.)

## II. DISCUSSION

A motion for judgment on the pleadings is governed by Rule 12(c), which states, "[a]fter the pleadings are closed – but early enough not to delay trial – any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The purpose of a Rule 12(c) motion is to challenge the sufficiency of the opposing party's pleadings, and the Court applies the same standard as a motion under Rule 12(b)(6). *Sprint Telephony PCS, L.P. v. County of San Diego*, 311 F. Supp. 2d 898, 902 (S.D. Cal. 2004) ("A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable."). Accordingly, judgment on the pleadings is appropriate when the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). *See also General Conf. Corp. v. Seventh-Day Adventist Church*, 887 F.2d 228, 230 (9th Cir. 1989).

Defendants Ortega and Marina argue the Court should enter an order granting

---

[3] In his Response, Plaintiff indicates he is also requesting a competency hearing. (ECF No. 224.) He attaches several exhibits, apparently in support of that request. (ECF No. 224 at 13-58.) The Court has already considered and denied Plaintiff's request for a competency hearing. (ECF No. 216.) Plaintiff has not presented any information in his Response that would cause the Court to reconsider its prior decision. Therefore, to the extent Plaintiff is moving for a competency hearing, his request is **DENIED**.

judgment on the pleading because no claim is stated against either of them, and there are no material issues of fact relating to any claim against them. Defendants note that the Court in analyzing summary judgment could not identify any involvement by either of them in any of Plaintiff's claims.

Plaintiff's Opposition to Defendants' motion is non-responsive. Plaintiff does not address his claims against either Defendant Ortega or Defendant Marina, or their arguments in their Motion for Judgment on the Pleadings.[4] Plaintiff makes arguments regarding the other Defendants' use of force against him during the February 2, 2009 and March 2, 2009 events. However, the claims against those Defendants are not at issue in the present motion. Plaintiff also argues Defendant Gore is not entitled to summary judgment. These arguments are irrelevant and unavailing, as the Court has already resolved the claims against Defendant Gore, and he is no longer a Defendant in this action. (*See* ECF No. 154.)

As Judge Sabraw aptly noted, Defendants Ortega and Marina's involvement in the case is unclear. As to Defendant Ortega, Plaintiff makes no factual allegations against him. In fact, Defendant Ortega's name is not included in the FAC or the SAC. Therefore, it appears Plaintiff has abandoned his claims against Defendant Ortega in this lawsuit.[5] As to Defendant Marina, Plaintiff alleges the "Jane Doe(s) 1-3 nurses" were deliberately indifferent to his medical needs by failing to respond to his requests for his seizure medication. (ECF No. 34 at 5-6.) Assuming Defendant Marina is one of the Jane Doe nurses alluded to in the Complaint, the Court finds Plaintiff has failed to state a claim against her.

---

[4] Plaintiff's Response is a combined opposition to both Defendants Ortega and Marina's Motion for Judgment on the Pleadings and Defendant Dr. Gill's Motion for Summary Judgment. The Court will address Plaintiff's arguments regarding Dr. Gill separately, when it issues a Report and Recommendation on Dr. Gill's Motion for Summary Judgment.

[5] Defendants note that at Plaintiff's deposition he stated he wanted Defendant Ortega to be dismissed from the case. (*See* ECF No. 118-5 at 62-63.)

Claims by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, the Ninth Circuit applies the same standards to a pretrial detainee's claims. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Deliberate indifference to an inmate's serious medical needs "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." *Id.* Thus, to state a claim for deliberate indifference, Plaintiff must allege Defendants were aware of, but nevertheless consciously disregarded an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). Moreover, a "prisoner must set forth specific facts as to each individual defendant's deliberate indifference." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). "This is not an easy test for [p]laintiffs to satisfy." *Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002).

Here, Plaintiff alleges he repeatedly yelled at facility nurses for his seizure medication, yet they ignored him. (ECF No. 34 at 6.) As a result, Plaintiff claims he suffered an epileptic seizure so severe he was taken to a local hospital, where a physician noted the level of Dilantin medication in his blood was insufficient. (*Id.*)

Even liberally construed, however, Plaintiff's Complaint does not "set forth specific facts as to each individual defendant's deliberate indifference." *Leer*, 844 F.2d at 634. As pled, Plaintiff does not allege that Defendant Marina was aware of Plaintiff's medical need for Dilantin. Nor does Plaintiff allege that she consciously disregarded an excessive risk to his health or safety. Accordingly, the Court finds Defendant Marina is

entitled to judgment as a matter of law.

Based thereon, the Court hereby RECOMMENDS that Defendants Omar Ortega and Sarandi Marina's Motion for Judgment on the Pleadings be **GRANTED**.

### III.  CONCLUSION AND RECOMMENDATION

After a thorough review of the record in this matter and based on the foregoing analysis, this Court **RECOMMENDS** that Defendant Omar Ortega and Sarandi Marina's Motion for Judgment on the Pleadings be **GRANTED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than July 16, 2013**, any party may file and serve written objections with the Court and serve a copy on all parties.  The documents should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections.  The parties are advised that failure to file objections within the specific time may waive the right to raise those objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:  July 2, 2013

DAVID H. BARTICK
United States Magistrate Judge