1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  HOANG MINH TRAN,                )  Case No. 3:10-cv-0464-GPC-DHB
                                    )
12                                  )  **ORDER:**
                                    )
13                 Plaintiff,       )  **(1) ADOPTING REPORT AND**
                                    )  **RECOMMENDATION AS TO**
14                                  )  **DEFENDANT ROBERT**
                                    )  **CALLAHAN'S MOTION FOR**
15                                  )  **SUMMARY JUDGMENT;**
                                    )
16  v.                              )  **(2) ADOPTING REPORT AND**
                                    )  **RECOMMENDATION AS TO**
17                                  )  **DEFENDANTS OMAR ORTEGA**
                                    )  **AND SARANDI MARINA'S**
18  WILLIAM D. GORE et al.,         )  **MOTION FOR JUDGMENT ON**
                                    )  **THE PLEADINGS;**
19                                  )
                                    )  **(3) ADOPTING REPORT AND**
20                                  )  **RECOMMENDATION AS TO**
                                    )  **DEFENDANT JOHN GILL'S**
21                 Defendants.      )  **MOTION FOR SUMMARY**
                                    )  **JUDGMENT**
22                                  )
                                    )  **(ECF NOS. 232, 145, 233, 180, 237,**
23  _____   )  **204)**
                                    )
24

25                      __INTRODUCTION__

26         On March 2, 2010, plaintiff Hoang Minh Tran ("Plaintiff"), a state prisoner

27  proceeding pro se and in forma pauperis, brought this action for violations of his civil

28  rights under 42 U.S.C. § 1983.  Plaintiff alleges Defendants violated his Eighth and

Fourteenth Amendment rights on three separate occasions during pre-trial custody by being deliberately indifferent to his medical needs and by using excessive force against him.  On March 2, 2010, Plaintiff filed his original complaint against Defendants.  (ECF No. 1.)  On May 5, 2011, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 34.)  The Court deemed Plaintiff's Second Amended Complaint ("SAC") filed on May 25, 2012.  (ECF Nos. 79, 131.)

On July 20, 2012, defendant Robert Callahan ("Callahan") filed a motion for summary judgment.  (ECF No. 145.)  On June 28, 2013, Magistrate Judge David H. Bartick issued a report and recommendation, recommending Callahan's Motion for Summary Judgment be denied.  (ECF No. 232.)

On December 21, 2012, defendants Omar Ortega ("Ortega") and Saradin Marina ("Marina") filed a motion for judgment on the pleadings.  (ECF No. 180.)  On July 2, 2013, Judge Bartick issued a report and recommendation, recommending Ortega and Marina's Motion for Judgment on the Pleadings be granted.  (ECF No. 233.)  On July 18, 2013, Plaintiff filed an objection to this Report and Recommendation.  (ECF No. 238.)  On July 29, 2013, Ortega and Marina filed a reply to Plaintiff's Objection.  (ECF. No. 239.)

On February 19, 2013, defendant John Gill ("Gill") filed a motion for summary judgment.  (ECF No. 204.)  On July 18, 2013, Judge Bartick issued a report and recommendation, recommending Gill's Motion for Summary Judgment be granted.  (ECF No. 233.)  On September 10, 2013, Plaintiff filed an objection to this Report and Recommendation.  (ECF No. 245.)  On September 13, 2013, Gill filed a reply to Plaintiff's Objection.  (ECF No. 246.)

For the reasons set forth below, this Court: (1) **ADOPTS** the Report and Recommendation as to Callahan's Motion for Summary Judgment and therefore **DENIES** Callahan's Motion for Summary Judgment; (2) **ADOPTS** the Report and Recommendation as to Ortega and Marina's Motion for Judgment on the Pleadings and therefore **GRANTS** Ortega and Marina's Motion for Judgment on the Pleadings;

and (3) **ADOPTS** the Report and Recommendation as to Gill's Motion for Summary Judgment and therefore **GRANTS** Gill's Motion for Summary Judgment.

<u>**BACKGROUND**</u>[1]

Plaintiff's claims arise from three separate incidents that he alleges occurred while he was in pre-trial custody.   Plaintiff alleges the first incident occurred in January 2009 when Marina and Gill ignored Plaintiff's request for a seizure medication called Dilantin, which caused Plaintiff to suffer a seizure on January 4, 2009, that required emergency medical treatment. (ECF No. 34.)  Plaintiff alleges the second incident occurred on February 2, 2009, when Callahan assaulted Plaintiff while en route to court on a prison bus, which caused Plaintiff to suffer a ruptured hernia. (ECF No. 79.)  Plaintiff alleges the third incident occurred on March 2, 2009, when three deputies assaulted him in his prison cell. (ECF Nos. 34, 79.)

**I.     The Original Complaint**

Plaintiff filed his original Complaint against defendants William D. Gore ("Gore"), Alfredo Martinez ("Martinez"), Jessie Holland ("Holland"), and Ortega on March 2, 2010. (ECF No. 1.)  While Plaintiff named Ortega as a defendant, Plaintiff did not allege that Ortega participated in any of the three incidents underlying Plaintiff's case. (<u>Id.</u>)

On March 14, 2011, the Court adopted a report and recommendation to grant in part and deny in part Defendants' Motion to Dismiss. (ECF Nos. 31& 26.)  The March 14, 2011 Order stated that "Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint[,] [and] [a]ny Defendant not named and any claim not re-alleged in the Amended Complaint will be considered waived." (ECF No. 31 at 2.)

**II.    First Amended Complaint**

On May 5, 2011, Plaintiff filed his FAC, naming additional defendants Derrick Jones ("Jones"), Dennis Flynn ("Flynn"), Edwin Schroeder ("Schroeder"), Brian

---

[1]The factual background is taken from Plaintiff's FAC and SAC.

1   Conway ("Conway"), Gill, Lizzie Womack ("Womack"), Jane Doe Defendants, John

2   Doe Defendants, Doe Escobar, and Doe Hanson.  (ECF No. 34.)

3          The FAC did  not name Ortega as a defendant, and Plaintiff did not alleges any

4   facts against Ortega.  (Id.)  The Summons to Jane Doe 1-3 that was returned executed

5   on June 13, 2012, shows that Plaintiff served Marina as one of the three Jane Doe

6   defendants, referenced in the FAC.  (Id.; ECF  No. 48.)

7   **III.    Second Amended Complaint**

8          On July 29, 2011, Plaintiff filed a motion to notify "sky alert" for defendant Doe

9   Hanson.  (ECF No. 60.)   The Court construed Plaintiff's Motion as a motion for

10  discovery and scheduled a discovery conference for September 19, 2011.  (ECF No.

11  63.) At the discovery conference, Plaintiff provided a detailed description of defendant

12  Doe Hanson, including the purported identification of a tattoo on Doe Hanson.

13  Defendants' counsel agreed to perform a due diligence search to identify the person

14  matching the description provided by Plaintiff.  (ECC No. 67.)

15         On September 28, 2011, Defendants filed a notice of due diligence compliance

16  stating that Callahan, an employee of the transportation division of the Sheriff's

17  Department, fit Plaintiff's description of Doe Hanson.  (ECF No. 69.)  On May 25,

18  2012, the Court permitted Plaintiff to file the SAC that substituted Callahan for

19  Defendant Doe Hanson.[2]  (ECF No. 131.)

20         In his SAC, Plaintiff also named the County of San Diego, Gore, Callahan, John

21  Doe 1-10, and Jorge Escobar ("Escobar") as defendants.  (ECF No. 79.)  Plaintiff did

22  not name Ortega, Gill, Jane Doe, or Marina as defendants.  (Id.)  Neither did Plaintiff

23  allege any facts relating to Ortega in the SAC.  (Id.)

24  ───────────────

25         [2] On November 18, 2011, Plaintiff filed his SAC, naming Callahan as a defendant.  (ECF No.
    79.)  Judge Bartick construed Plaintiff's SAC as a motion to amend his FAC.  (See ECF No. 119 at
26  1.)  In a report and recommendation filed on May 2, 2012, Judge Bartick recommended the Motion
    to Amend be granted with regard to adding Defendant Callahan but denied with regard to asserting a
27  Monell claim against the County of San Diego be denied.  (Id. at 2.)  On May 25, 2012, Judge Sabraw
    adopted these aspects of this Report and Recommendation.  (ECF No. 131 at 2.)  Plaintiff could have,
28  thereafter, filed a SAC that conformed with Judge Sabraw's Order.  Because he did not, however, the
    docketed SAC—minus any Monell claim against the County of San Diego—remains the operative
    pleading.  (See ECF No. 79.)

## IV.   Defendants' Motions

On April 30, 2012, Gore, Holland, Martinez, Ortega, Conway, Escobar, Flynn, Jones, Marina, Schroeder, and Womack filed a motion for summary judgment.  (ECF No. 118.)  Neither Callahan nor Gill joined this Motion for Summary Judgment.  On August 15, 2012, Judge Sabraw granted in part and denied in part the Motion for Summary Judgment, ruling that the SAC stated no due process claim against any of the Defendants.  (ECF No. 154.)  Accordingly, Judge Sabraw dismissed Plaintiff's claims against Gore, Conway, Flynn, Jones, and Schroeder.  (Id. at 2 n.3.)  Judge Sabraw also granted summary judgment in favor of Womack but denied summary judgment in favor of Holland, Martinez, and Escobar with regard to Plaintiff's excessive force claim arising from the March 2, 2009 incident.  (Id. at 6-7.)

Judge Sabraw did not address Callahan and Gill's liability because they did not join the Motion.  (ECF No. 154 at 1 n.1, 4 n.4.)  As to Ortega and Marina, Judge Sabraw stated "[their] involvement in this case is unclear."  (Id. at 3.)

## STANDARD OF REVIEW

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1).  Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  Id.  When no objections are filed, the Court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law.  Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).  Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo."  Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

# DISCUSSION

## I. Report and Recommendation as to Callahan's Motion for Summary Judgment

Judge Bartick recommends that Callahan's Motion for Summary Judgment be denied. Neither party has filed a specific objection to the findings and conclusions contained in this Report and Recommendation.[3] As such, the Court assumes the correctness of the Magistrate Judge's factual findings and adopts them in full.

The Court has conducted a de novo review, independently reviewing the Report and Recommendation and all relevant papers submitted by both parties, and finds that the Report and Recommendation provides a cogent analysis of the issues presented in Callahan's Motion. Accordingly, the Court **ADOPTS** the Report and Recommendation as to Callahan's Motion for Summary Judgment in its entirety and therefore **DENIES** Callahan's Motion for Summary Judgment.

## II. Report and Recommendation as to Ortega and Marina's Motion for Judgment on the Pleadings

Judge Bartick recommends that Ortega and Marina's Motion for Judgment on the Pleadings be granted. Plaintiff objects to the Report and Recommendation because he believes his pleadings should be held to less stringent standards. Before addressing Ortega and Marina's Motion for Judgment on the Pleadings, the Court must first address the flaws of Plaintiff's pleadings with respect to these two defendants.

### A. Plaintiff Failed to Name Ortega and Marina in the SAC

Plaintiff named Ortega in his original Complaint, but did not name Ortega in any subsequent pleading. (See ECF Nos. 1, 34, 79.) Neither did Plaintiff allege any facts against Ortega in any pleading. As to Marina, Plaintiff served her with the FAC but

---

[3] On July 18, 2013, Plaintiff filed an objection to the Report and Recommendation as to Ortega and Marina's Motion for Judgment on the Pleadings. (ECF No. 238.) Plaintiff also references Callahan in this Objection. (ECF No. 238.) Plaintiff, however, makes no specific or substantive objection to the Report and Recommendation concerning Callahan's Motion for Summary Judgement. (Id. at 2-4.) Rather, Plaintiff alleges facts related to the March 2, 2009 prison cell assault, which did not involve Callahan. (Id. at 3.)

did not name her as a defendant in either the FAC or the SAC.  (See ECF Nos. 34, 79.)

"The general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). "[O]nce an amended complaint is filed, the original pleading no longer serves any function in the case." Hasegawa v. State of Hawaii, 2011 WL 2020715, at *1 n.1 (D. Haw. May 24, 2011).   Accordingly, all claims not re-alleged in the amended complaint will be deemed to have been waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey, 693 F.3d 896. Defendants not named in an amended complaint are no longer defendants in the action. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

Pro se litigants are not held to the same standard as attorneys.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  Pleadings by pro se litigants, regardless of deficiencies, should only be judged by function, not form.  Haines, 404 U.S. at 521.  Nonetheless, a pro se plaintiff is not entirely immune from the civil rules of procedure.  Hernandez v. Nye County School Dist., 2011 WL 2938274, at *1 (D. Nev. July 19, 2011). Although the Court  must construe pro se pleadings liberally, "pro se litigants must follow the same rules of procedure that govern other litigants." See King, 814 F.2d at 567; see also Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995) ("Pro se litigants are bound by the rules of procedure.").

Here, the Court merely confirms that Ortega and Marina are no longer defendants in this action.  First, as previously mentioned, the SAC is currently the operative pleading in this action.  As such, the SAC supersedes Plaintiff's prior pleadings.  See Lacey, 693 F.3d at 927.  Second, Plaintiff did not name Ortega or Marina in the SAC.  Similarly, other than naming Ortega in his original Complaint, Plaintiff did not name Ortega as a defendant in either the FAC or the SAC. (ECF Nos. 34, 79.)  In fact, Plaintiff has never alleged facts against Ortega in any of his pleadings, and he has admitted that he wants to dismiss Ortega from the case. (See ECF Nos. 1, 34, 79; see also ECF No. 118-5 at 62-63.)  As to Marina, Plaintiff never formally

named her as a defendant in the FAC or the SAC despite attempting to include her as a Jane Doe Defendant by serving her with the FAC.  (See ECF Nos. 34, 79.)

Furthermore, in the March 14, 2011 Order, the Court advised Plaintiff that "any [d]efendant not named and any claim not re-alleged in the [a]mended [c]omplaint will be considered waived."  (ECF No. 31 at 2.)  Thus, Plaintiff had ample opportunity to correct his pleadings but failed to do so.  As a result, Plaintiff effectively abandoned any claims against Ortega and Marina.  Accordingly, Ortega and Marina are no longer defendants in this action.

### B.    Plaintiff's SAC Fails to State a Claim Against Marina

Even if Marina were properly named in the FAC or the SAC, Plaintiff has failed to state a claim for deliberate indifference to his medical needs against her.

A motion for judgment on the pleadings is governed by Rule 12(c), which states, "[a]fter the pleadings are closed – but early enough not to delay trial – any party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The purpose of a Rule 12(c) motion is to challenge the sufficiency of the opposing party's pleadings, and the court applies the same standard as a motion under Rule 12(b)(6).  Sprint Telephony PCS, L.P. v. Cnty. of San Diego, 311 F. Supp. 2d 898, 902 (S.D. Cal. 2004) ("A Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion to dismiss are virtually interchangeable.").  Accordingly, judgment on the pleadings is appropriate when the moving party "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989); see also General Conf. Corp. v. Seventh-Day Adventist Church, 887 F.2d 228, 230 (9th Cir. 1989) ("Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law.").

Deliberate indifference to an inmate's serious medical needs "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may

be shown by the way in which prison physicians provide medical care." McGuckin v.Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMXTechnologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  A determination of deliberate indifference focuses on a plaintiff's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059.  A plaintiff must set forth specific facts as to each individual defendant's deliberate indifference. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Accordingly, to state a claim for deliberate indifference, a plaintiff must allege that the defendant "[knew] of and disregard[ed] an excessive risk to the plaintiff's health and safety; defendant must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [defendant] must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).

Here, even liberally construed, Plaintiff's FAC and SAC fail to plead facts stating a claim against Marina for deliberate indifference.  Plaintiff alleges that he repeatedly yelled at facility nurses for his seizure medication, but they ignored him. (ECF No. 34 at 6.)  As a result, he suffered an epileptic seizure so severe he was taken to a local hospital, where a physician noted the level of Dilantin in his blood was insufficient to avoid a seizure. Id.  Although Plaintiff attributed his seizure to Marina's failure to provide Dilantin, Plaintiff did not allege Marina knew of Plaintiff's medical need for Dilantin. Nor did Plaintiff allege Marina consciously disregarded an excessive risk to his health and safety. Because Plaintiff did not allege that Marina knew of facts that would have allowed her to infer Plaintiff was at risk of harm, or that Marina actually drew this inference, Plaintiff has failed to sufficiently state a claim against Marina.  Thus, Marina is entitled to judgment as matter of law.

Based on the foregoing, Plaintiff's Objection as to this Report and Recommendation is **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation as to Ortega and Marina's Motion for Judgment on the Pleadings in

its entirety[4] and therefore **GRANTS** Ortega and Marina's Motion for Judgment on the Pleadings.

## III.    Report and Recommendation as to Gill's Motion for Summary Judgment

Judge Bartick recommends that Gill's Motion for Summary Judgment be granted.   Plaintiff objects to the Report and Recommendation because Plaintiff disagrees with the standard for summary judgment and alleges Gill did not prescribe Dilantin for him but instead falsified the medical record.  Before addressing the merits of Gill's Motion for Summary Judgment, the Court must first address the flaws of Plaintiff's pleadings with respect to Gill.

### A.    Plaintiff Fails to Name Gill in the SAC

Plaintiff did not name Gill as a defendant in the SAC.  The Court observes, however, that Plaintiff appears to have intended to name Gill as a defendant in the SAC by incorporating the FAC by reference into the SAC.[5]  (ECF No. 79 at 3.)  Although the Court has the duty to construe Plaintiff Complaint liberally, see King, 814 F.2d at 567, the Court has already cautioned Plaintiff that an "[a]mended [c]omplaint must be complete in itself without reference to his [prior pleading]."  (ECF No. 31 at 2.)  As discussed above, the SAC is currently the operative complaint; thus, because Plaintiff did not name Gill in the SAC, he is no longer a defendant and must be considered dismissed.

### B.    Plaintiff Fails to Raise a Genuine Issue of Material Fact

Even if Plaintiff had specifically named Gill in the SAC, there is no genuine dispute regarding the fact that Gill prescribed Dilantin for Plaintiff on December 14, 2008.

Summary judgment is appropriate under Rule 56(c) where the moving party

---

[4] The Court agrees with Judge Bartick's factual findings and substantive analysis of the claims presented in the Motion.  As discussed above, however, the Court also found it necessary to address Plaintiff's pleading deficiencies.

[5] Plaintiff has been using the Court's form civil rights complaint in this action.  Rather than specifically naming Gill as a defendant in his SAC, Plaintiff states "please see [page 6 of] Plaintiff's First Amended Complaint" under the Supporting Facts section of the SAC.

demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to solve the parties' differing versions of the truth." S.E.C. v. Seaboard Corp., 677 F.2d 1301, 1306 (9th Cir. 1982).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case, or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322-23.  "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

The burden then shifts to the non-moving party to establish, beyond the pleadings, that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.  To successfully rebut a properly supported motion for summary judgment, the non-moving party "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the [non-moving party's] favor, could convince a reasonable jury to find for the [nonmoving party]."  Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed. R. Civ. P. 56; Celotex, 477 U.S. at 323; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  "To defeat a summary judgment motion . . . , the non-moving party may not rest upon the mere allegations or denials in the pleadings."  Fed. R. Civ. P. 56(e). Further, the non-moving party cannot create a genuine issue of material fact by simply making argumentative assertions in legal memoranda.  S.A. Empresa, Etc. v. WalterKidde & Co., 690 F.2d 1235, 1238 (9th Cir. 1982).  Instead, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions,

answers to interrogatories, and admissions on file, designate  specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324.   Conclusory allegations without supporting evidence are insufficient to create an issue of material fact. <u>Hansen v. Untied States</u>, 7 F.3d 137, 138 (9th Cir. 1993).

If the moving party fails to discharge this initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 159-60 (1970).  The court, however, cannot make credibility determinations or weigh evidence at the summary judgment stage. <u>Anderson</u>, 477 U.S. at 255; <u>see also</u> <u>Nelson v. City of Davis</u>, 571 F. 3d 924, 929 (9th Cir. 2009) ("A judge must not grant summary judgment based on his determination that one set of facts is more believable than another.").

Here, Judge Barick correctly concluded there is no genuine dispute of material fact with regard to whether Gill prescribed Dilantin for Plaintiff on December 14, 2008. In support of his Motion for Summary Judgment, Gill submitted declarations and medical records showing that: Gill prescribed Dilantin for Plaintiff the first time he saw Plaintiff on December 14, 2008, (ECF Nos. 204-3 at 19, 204-4 at 2, ¶ 6); Plaintiff received the Dilantin, (ECF No. 204-4 at 7); Gill performed a chart check confirming the prescription, (ECF No. 204-3 at 25; <u>Id.</u> at 3, ¶ 7); and Dilantin was present in Plaintiff's system on the date of his seizure, (ECF No. 204-3 at 4; 204-4 at 29-30).

In opposition, Plaintiff submitted an incomplete medical chart that stated Dilantin administration was discontinued at the strengths of 200 mg and 300 mg. (ECF No. 34 at 27.)  Nothing that Plaintiff submitted, however, shows that Gill did not prescribe Dilantin for Plaintiff.

Even viewing the evidence in the light most favorable to Plaintiff, no reasonable jury could conclude Gill did not prescribe any Dilantin for Plaintiff on December 14, 2008.  Accordingly, Judge Bartick correctly concluded there is no genuine issue of material fact as to whether Gill prescribed Dilantin for Plaintiff without making credibility determination or weighing evidence.

12

3:10-cv-0464-GPC-DHB

Furthermore, Plaintiff's allegation that Gill altered the medical record is without merit.  A non-moving party cannot create a genuine issue of material fact by simply making argumentative assertions in legal memoranda.  <u>S.A. Empresa, Etc.</u>, 690 F.2d at 1238.  Although Plaintiff objects to the Report and Recommendation by arguing that Gill falsified the medical records, Plaintiff did not provide any evidence to support this claim.  Thus, because Gill has adequately shown an absence of probative evidence to support Plaintiff's deliberate indifference claim, summary judgment is appropriate.

Based on the foregoing, Plaintiff's Objection to this Report and Recommendation is **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation as to Gill's Motion for Summary Judgment in its entirety[6] and therefore **GRANTS** Gill's Motion for Summary Judgment.

## <u>CONCLUSION AND ORDER</u>

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.   Judge Bartick's Report and Recommendation as to Callahan's Motion for Summary Judgment are **ADOPTED** in its entirety;

2.   Callahan's Motion for Summary Judgment is **DENIED**;

3.   Judge Bartick's Report and Recommendation as to Ortega and Marina's Motion for Judgment on the Pleadings is **ADOPTED** in its entirety;

4.   Ortega and Marina's Motion for Judgment on the Pleadings is **GRANTED**;

5.   Judge Bartick's Report and Recommendation as to Gill's Motion for Summary Judgement is **ADOPTED** in its entirety;

6.   Gill's Motion for Summary Judgement is **GRANTED**; and

/ / /

/ / /

/ / /

---

[6]The Court agrees with Judge Bartick's factual findings and substantive analysis of the claims presented in the Motion.  The Court found it necessary, however, to also address Plaintiff's pleading deficiencies.

1    7.    The Clerk of Court shall enter judgment in accordance with this Order.

2

3    DATED:  September 29, 2013

4

5                                              HON. GONZALO P. CURIEL
                                               United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      14