1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

11  HOANG MINH TRAN,                )  Case No. 3:10-cv-0464-GPC-DHB
                                    )
12              Plaintiff,          )  **ORDER DENYING PLAINTIFF'S**
                                    )  **MOTION TO STAY PENDING**
13  v.                              )  **APPEAL**
                                    )
    WILLIAM D. GORE et al.,         )  **(ECF NO. 255)**
14                                  )
                Defendants.         )
15  _____)

16         Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, brings

17  this action for violations of his civil rights under 42 U.S.C. § 1983.  Plaintiff alleges

18  Defendants violated his Eighth and Fourteenth Amendment rights on three separate

19  occasions while in pre-trial custody through deliberate indifference to his medical

20  needs and the use of excessive force.  After Plaintiff filed his initial Complaint, several

21  rounds of pleading amendments and summary judgment followed.

22         In September 2013, the Court, on report and recommendation from the

23  magistrate judge, denied defendant Callahan's Motion for Summary Judgment, granted

24  defendants Ortega and Marina's Motion for Judgment on the Pleadings, and granted

25  defendant Gill's Motion for Summary Judgment.  (ECF No. 247.)  Plaintiff thereafter

26  filed a notice of appeal.  (ECF No. 248.)

27         Before the Court is Plaintiff's Motion to Stay Pending Appeal pursuant to

28  Federal Rule of Civil Procedure 62(h).  (ECF No. 255.)  In his Motion to Stay, Plaintiff

asserts he "has three appeals currently pending in the United States Court of Appeals for the Ninth Circuit as to the factual determination of [his] actual extent of mental impairment, and [whether] or not Plaintiff's mental impairment excludes Plaintiff from participating effectively or prosecuting [his] own civil rights claims without the assistance of other[s]."[1]  (Id. at 3.)  Plaintiff asserts "[t]here is a very high probability in all likelihood [sic] that Plaintiff will actually prevail on [his] appeal issues." (Id. at 4.)  Plaintiff asserts that forcing him to proceed with trial proceedings will cause him prejudice, as his appeal is still ongoing while the final pretrial conference in this matter is set for January 24, 2014.  (Id. at 4-5.)

Defendants oppose Plaintiff's Motion to Stay.  (ECF No. 257.)  Defendants argue Plaintiff's Motion to Stay should be denied because "Rule 62 does not provide a basis to stay these proceedings because the order from which he appeals, [ECF No. 247], is not a final judgment entered under [R]ule 54."  (Id. at 3.)  Defendants note they have  filed a motion before the Ninth Circuit to dismiss Plaintiff's appeal for lack of jurisdiction.  (Id. at 3-4.)  Defendants further contend that, even though the Court may (in its discretion under its inherent authority) stay this case pending Plaintiff's appeals, the Court should not do so because Plaintiff "has not made a strong showing that he is likely to succeed on the merits of his appeal of the September 2013 order since it is not a final appealable judgment."  Defendants finally argue a stay "would harm the defendants who are entitled to have this litigation resolved," and that a stay would not serve the public interest.

In reply, Plaintiff asserts the Court's September 2013 Order was a final appealable order because the Court directed the Clerk of Court to enter judgment "in

---

[1] Plaintiff has filed three cases arising from events that allegedly occurred while in the County's custody, all of which currently have appeals pending before the Ninth Circuit:

- This case; 9th Cir. case no. 13-56795 ("Tran I")
- Tran v. Gore, S.D. Cal. case no. 3:10-cv-2457-BTM-WVG; 9th Cir. case no. 13-56790 ("Tran II")
- Tran v. Gore, S.D. Cal. case no. 3:10-cv-2682-BTM-BLM; 9th Cir. case no. 13-55993 ("Tran III")

accordance with this Order" and because the defendants in whose favor the Court granted summary judgment "cannot challenge the Plaintiff's merits claim in the U.S. District Court any longer." (ECF No. 258 at 6.)

Plaintiff argues he has demonstrated a likelihood of success on the merits because the Ninth Circuit has, in the past, (1) reinstated Plaintiff's in-forma-pauperis status after it was revoked by the district court in another case, (2) assigned Plaintiff's appeal in another case to a merits panel, and (3) "discharged a [sic] Order to Show Cause Why the U.S. Court of Appeals lack [sic] jurisdiction to entertain Plaintiff's appeal." (Id. at 8.) Plaintiff further asserts that he "survived the PLRA screening test, Defendants [sic] Summary Judgment request and a Court Order for a Settlement conference resolution." (Id.)

Plaintiff claims he "has been recognized by the County of San Diego Health Services as being a mentally-ill [sic] person, and has just recently been recognized as being severely mentally-ill [sic] by a State Court SSI judiciary officer." (Id. at 9.) Plaintiff contends: "The U.S. District Court has failed to acknowledge Plaintiff's severe mental-illness [sic], and has further sought to force Plaintiff to prosecute Plaintiff's own case through the assistance of a [sic] incarcerated California state prisoner's assistance."[2] (Id.)

Having considered the parties' arguments and the applicable law, the Court concludes Plaintiff is not entitled to a stay under Rule 62(h) or the Court's inherent authority to manage its docket.

Rule 62(h) provides in relevant part that "[a] court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments." Rule 54(b) pertains to judgment on multiple claims or involving multiple

---

[2] On April 15, 2013, Magistrate Judge Bartick denied Plaintiff's Motion for a Competency Hearing along with his Ex Parte Motion to Appoint Next Friend or Appoint Counsel Due to Incompetence. (ECF No. 216.) In denying these motions, Judge Bartick found that Plaintiff "failed to submit substantial evidence of incompetence." (Id. at 6.) Plaintiff appealed Judge Bartick's April 15, 2013 Order, (ECF No. 218), and the Ninth Circuit dismissed the appeal for lack of jurisdiction because it was not a final or appealable order, (ECF No. 223).

parties, and it provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) further provides that, "[o]therwise, any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties."

Here, while the Court's September 2013 Order directed the Clerk of Court to enter judgment "in accordance with" the Order, the Order did not "expressly determine[] that there is no just reason for delay[ing]" the entry of a final judgment as to any claims or parties. Indeed, no judgment was entered at all after the Order was issued. Furthermore, the Order adjudicated "fewer than all the claims or the rights and liabilities of fewer than all the parties." Thus, no final judgment was entered under Rule 54(b). And, because no final judgment was entered under Rule 54(b), Rule 62(h) is inapplicable.

Plaintiff's alternative avenue for a stay lies within the Court's inherent authority to control its own docket. See Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") When considering a motion to stay pending appeal, courts consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.

Stormans Inc. v. Selecky, 526 F.3d 406, 408 (9th Cir. 2008) (citing Golden Gate Rest. v. San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008). The Ninth Circuit has explained:

> to satisfy steps (1) and (2), [it] will accept proof either that the applicant has shown a strong likelihood of success on the merits [and] . . . a possibility of irreparable injury to the applicant, or that serious legal questions are raised and that the balance of hardships tips sharply in its

4

1   favor.

2   <u>Stormans</u>, 526 F.3d at 408 (citations & quotation marks omitted).

3      Here, Plaintiff has made no showing that he is likely to succeed on the merits.

4 Plaintiff does not state why any of the findings and conclusions in the September 2013

5 Order are erroneous. In the same vein, Plaintiff does not raise any serious legal

6 questions relevant to this case that would warrant a stay pending review by the Ninth

7 Circuit. To the contrary, the issues presented in this case are typical of most prisoner

8 civil rights cases.

9      Turning to the prejudice factors, the Court recognizes that Plaintiff likely has

10 mental health issues as he asserts. The question of Plaintiff's competence, however,

11 is a broader issue that Judge Bartick has already resolved in finding that Plaintiff failed

12 to offer substantial evidence of incompetence. Plaintiff's assertion that he has been

13 found mentally ill by San Diego County and a "State Court SSI judiciary officer" is

14 insufficient to disturb Judge Bartick's finding. Moreover, Plaintiff has (apparently

15 with the assistance of an incarcerated lay person) continued to litigate this case in a

16 manner typical of pro se litigants. In short, the Court cannot say that Plaintiff will be

17 irreparably injured by a failure to stay this case.

18     On the other hand, Defendants persuasively argue that they will be prejudiced

19 by further delay in this case. This case is nearly four years old and is one of three cases

20 brought by Plaintiff against San Diego County since 2010. While some claims have

21 been resolved, there are claims yet to be tried, and the Court finds no reason why this

22 case should not proceed to the final pretrial conference scheduled for January 24, 2013.

23     Finally, the Court finds that the public interest lies more in expeditiously

24 resolving this case on the merits than in staying the case pending an appeal that the

25 Ninth Circuit likely lacks jurisdiction to hear. Accordingly, Plaintiff's Motion to Stay,

26 / / /

27 / / /

28 / / /

1   (ECF No. 255), is **DENIED**.

2          **IT IS SO ORDERED.**

3   DATED:  January 8, 2014

4

5                                          HON. GONZALO P. CURIEL
                                           United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:10-cv-0464-GPC-DHB